# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––

No. 26-0496
Filed July 8, 2026

––––––––––––––––

**In the Interest of I.H., Minor Child,**

**S.O., Father,**
Appellant.

––––––––––––––––

Appeal from the Iowa District Court for Linn County,
The Honorable Cynthia S. Finley, Judge.

––––––––––––––––

**AFFIRMED**

––––––––––––––––

John J. Bishop, Cedar Rapids, attorney for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Rebecca Williams, Cedar Rapids, attorney and guardian ad litem for
minor child.

––––––––––––––––

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

A father appeals the termination of his parental rights to a child born in 2025. He challenges whether termination was in the child's best interests and whether the juvenile court should have granted additional time.

The Iowa Department of Health and Human Services (HHS) most recently became involved with this family after the child at issue tested positive at birth for amphetamine, methamphetamine, and Delta-9-THC. HHS removed the child from the mother's custody two days later and placed the child in a foster home where the child's older siblings reside. The parents' rights to the older siblings were terminated in 2024. The child was subsequently adjudicated as a child in need of assistance. HHS reports the placement is stable, open to adopting the child, and that the child is bonding with the older siblings.

Less than a month after the child was removed, the father was incarcerated for a five-year eluding sentence. He is eligible for parole in December 2026, and his tentative discharge date is December 2027. According to an HHS case manager, any bond between the father and the child was "minimal" given their limited contact before his incarceration.

The father did not participate in HHS services, including substance-abuse or mental-health evaluations, or in drug testing. He admitted that he had a history of substance abuse but claimed sobriety since his incarceration. When asked about how he would maintain his sobriety outside the confines of prison he responded "I kind of have a little bit of a plan. Everything takes time." The father also disclaimed having any mental-health concerns despite a previous self-report. But he also admitted that his substance abuse fed his mental-health issues in a "vicious circle."

The juvenile court terminated the parental rights of both parents under Iowa Code section 232.116(1)(g) and (h) (2025). The father appeals, and we review de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

The father challenges whether termination of his parental rights was in the best interests of the child and whether the court should have given him an unspecified amount of additional time. As to the father's first claim, the father did not engage with any HHS services or participate in drug testing before his incarceration. He also did not acknowledge concerns about his admitted substance abuse and dismissed the claim he has any mental-health issues. The father also essentially admitted he only "kind of" had a sobriety plan for after his release. And while we don't doubt that the father loves the child, it does not outweigh the fact that the child is currently placed in a stable home open to adoption and is bonding with siblings. On our de novo review, we agree with the juvenile court that termination is in the child's best interests.

As to the second claim, as we understand it, the father requested additional time to work for reunification under Iowa Code section 232.104(2)(b). But the statutory six-month extension is only available if the need for removal can be remedied in six months' time. Iowa Code § 232.104(2)(b). Here, the termination trial occurred in February, so even immediate parole upon eligibility in December would have the father still incarcerated at the end of that hypothetical extension. And even if released, he has not addressed his substance-abuse or mental-health issues, which will require substantial work and pose different challenges once he is living in the community. We affirm the juvenile court.

**AFFIRMED.**